UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Collective Action)

CASE NO.

LAURA THOMAS, on behalf of herself and
other employees similarly situated,

    Plaintiff,

v.     **JURY TRIAL DEMANDED**

TIME TO EAT DINER, INC., a Florida for-profit
corporation, and HENRY RYBAK, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LAURA THOMAS, ("THOMAS"), by and through her undersigned attorney, file this, her Complaint for Damages against Defendants, TIME TO EAT DINER, INC., a Florida for-profit corporation (hereinafter, "TTED"), and HENRY RYBAK, (hereinafter "RYBAK"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). This action also seeks minimum wages under the Florida Constitution and Section 448.110 Florida Statutes.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the corporate Defendant, TTED was an enterprise engaged in interstate commerce.

4. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Defendants, TTED and RYBAK operated a diner which served food and drinks to the general public.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, this included food, drink, condiments and other restaurant supplies that were manufactured outside the State of Florida. The Plaintiff and at least five other employees, respectively, handled such materials, that were manufactured outside the State of Florida, each work day,

7. During the year 2016, TTED had an annual gross volume of sales made or business done of not less than $500,000.00.

8. During the year 2017, TTED had an annual gross volume of sales made or business done of not less than $500,000.00.

9. During the year 2018, TTED had an annual gross volume of sales made or business done of not less than $500,000.00.

10. For the year 2019, TTED is projected to have an annual gross volume of sales made or business done of not less than $500,000.00.

11. During the year 2016, TTED employed over five (5) employees.

12. During the year 2017, TTED employed over five (5) employees.

13. During the year 2018, TTED employed over five (5) employees.

14. During the year 2019, TTED employed over five (5) employees.

15. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

16. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

17. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

   and,

   b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

18. At all times material hereto, Plaintiff, THOMAS was a resident of Martin County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

19. At all times material hereto, corporate Defendant, TTED was conducting business in Palm Beach County, Florida, with its principal place of business in Tequesta, Florida.

20. At all times material hereto, Defendants were the employers of Plaintiff, THOMAS.

21. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

22. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff THOMAS, her lawfully earned wages in conformance with the FLSA and Florida law, respectively.

23. Defendants committed a willful, malicious and unlawful violation of the FLSA and the Florida Minimum Wage Amendment and, therefore, are liable for monetary damages.

24. At all times material hereto, corporate Defendant, TTED was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

25. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

27. Plaintiff, THOMAS, was employed as a waitress by Defendants from on or about October 15, 2017 to or about January 14, 2019.

28. During the Plaintiff's employment, the Defendants unlawfully availed themselves to an FLSA "tip credit" against the Plaintiff's minimum wage, by paying her $3.02 less than the applicable minimum wage.  The Plaintiff worked about 2,275 hours for the Defendants, and herein, seeks $3.02 for each hour worked.

29. During the Plaintiff's employment, the Defendants deducted $0.40 from the Plaintiff's wages and/or tips for each hour she worked.

30. During the Plaintiff's employment, the Defendants also deducted $0.40 from the Plaintiff's wages and/or tips for each hour worked by other waiters and waitresses.

31. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

32. Defendant, RYBAK was a supervisor and manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

33. Defendant, RYBAK was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

34. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

35. Plaintiff realleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

37. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid minimum wages.

38. Plaintiff received less than the minimum wage from the Defendants for her work hours.

39. The Defendants unlawfully availed themselves to an FLSA "tip credit."

40. The Defendants unlawfully deducted $0.40 from the wages and/or tips of servers working in the Defendants' restaurant, based on each hour they worked.

41. The Defendants acted willfully.

42. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interests;

    e.    Recoupment of tips and/or other monies improperly deducted from the Plaintiff's wages and/or tips; and,

    f.    all other and further relief this Court deems to be just and proper.

**COUNT II**

**<u>VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110  FLORIDA STATUTES</u>**

43. Plaintiff realleges Paragraphs 1 through 34 as if fully stated herein.

44. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

45. Plaintiff received less than the minimum wage from the Defendants for her work hours.

46. The Defendants unlawfully availed themselves to an FLSA "tip credit."

47. The Defendants unlawfully deducted $0.40 from the wages and/or tips of servers working in the Defendants' restaurant, based on each hour they worked.

48. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing;

    c.    Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Awarding Plaintiff a recoupment of for monies and tips withheld by the Defendants, including but not limited to food/meal/snack deductions.

    g.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

    h.    Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required;

    i.    Recoupment of tips and/or other monies improperly deducted from the Plaintiff's wages and/or tips; and,

    j.    Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### COLLECTIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED

49.  Plaintiff realleges Paragraphs 1 through 34 as if fully stated herein.

50.  Pursuant to 29 U.S.C. § 216, Plaintiff is provided a statutory right to bring this action on behalf of herself and other employees similarly situated.

51.  It is the policy of the Defendants not to pay their servers, including the Plaintiff, minimum wages at the rate of time and one-half their regular hourly rate.

52.  Defendants' servers (waiters and waitresses) workers performed similar work insofar as serving food and drinks to patrons/customers of the Defendants' restaurant.  Indeed, Defendants' servers all performed physical labor which required them to use food, drinks and restaurant related materials to perform their duties.

53. The Defendants unlawfully availed themselves to an FLSA "tip credit" from the minimum wages of their waiters and waitresses. The Defendants failed to satisfy the conditions precedent for taking a FLSA tip credit.

54. The Defendants unlawfully deducted $0.40 from the wages and/or tips of servers working in the Defendants' restaurant, based on each hour they worked.

55. The Defendants acted willfully and maliciously at all times.

WHEREFORE, Plaintiff respectfully requests on behalf of other employees similarly situated as aforesaid, that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants, jointly and severally, violated the provisions of 29 U.S.C. § 206;

b. Awarding other employees similarly situated minimum wages and other benefits in the amount calculated;

c. Awarding other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding said employees similarly situated attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Recoupment of tips and/or other monies improperly deducted from the wages and/or tips of servers;

f. Awarding said employees similarly situated post-judgment interest; and

g. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: April 9, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter J. Bober, Esq.
      PETER BOBER
      FBN:  0122955
      SAMARA ROBBINS BOBER
      FBN: 0156248