UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-cv-80485-WPD

LAURA THOMAS, on behalf of herself and other employees smilarly situated,

    Plaintiff

v.

TIME TO EAT DINER, INC, a Florida for-profit corporation and HENRY RYBAK, an individual,

    Defendants.
_____/

## JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, LAURA THOMAS, the opt-in Plaintiffs, JANET VORINAS, BOYD VORINAS, and MARGARET RAYSIDE (collectively referred to as "Plaintiffs"), and Defendants, TIME TO EAT DINER, INC. and HENRY RYBAK, by and through the undersigned counsel, hereby jointly respectfully requests that the Court approve the parties' settlement agreement and dismiss this action with prejudice. In support of this Motion, the parties' state as follows:

1. On or about April 9, 2019, Plaintiff filed her Complaint alleging violation of the FLSA and Florida Constitution, Article X § 24 for unpaid minimum wages against Defendant [D.E 1].

2. On April 17, April 29 and May 1, 2019, Boyd Vorinas, Janet Vorinas and Margaret Rayside, respectively, filed Consents to Join pursuant to 29 USC § 216(b) [D.E. 7-9]

3. On or about May 21, 2019, a complete agreement was reached in this case between the parties.

4. The Settlement Agreement between Plaintiff, Opt-In Plaintiffs and Defendant

evidences that they have reached a fair and reasonable resolution of a bona fide dispute. (See Settlement Agreement, attached hereto as Exhibit A).

5. Plaintiff and Opt- in Plaintiffs allege they were owed unpaid minimum wages for violation of the tip credit and the improper deduction of mealsm from their wages

6. Plaintiff, Laura Thomas alleged she was owed unpaid wages under the FLSA from October 15, 2017 – January 14, 2019.

7. Opt-In Plaintiff, Janet Vorinas alleged she was owed unpaid wages under the FLSA from March 4, 2014 – July 27, 2018.

8. Opt-In Plaintiff, Boyd Vorinas alleged he was owed unpaid wages under the FLSA from April 2012 – August 2017.

9. Opt-In Plaintiff, Margaret Rayside alleged she was owed unpaid wages under the FLSA from August 27, 2018 – April 23, 2019.

10. In response, Defendant claimed that the amounts asserted by the Plaintiff were not owed, as Defendants were entitled to the tip credit. Moreover, Defendants asserted they complied with the notice provisions of the tip credit, and did not take an improper deduction for meals. Additionally, Defendants asserted that Plaintiffs were not entitled to the alleged damages owed as a result of the statute of limitations, which would limit recovery to two (2) years.

11. The parties reached an agreement as reflected in the Settlement Agreement.

12. In sum, Plaintiff Opt-In Plaintiffs and Defendant assert that all parties have made good faith arguments and that they have reached a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA and Florida Constitution.

13. It is Plaintiff, Laura Thomas's position that she is entitled to unpaid wages in the amount of $5,621.16 or $11,242.31 in liquidated damages. In response, Defendant asserts that

Defendant was entitled to the tip credit, and proper notice was provided to Plaintiff of same; that Plaintiff is not entitled to liquidated damages and that Plaintiff is not entitled to unpaid wages for the estimate of hours she worked. The settlement takes into account the uncertainty of trial and other factors weighing for and against the Plaintiff. The amount payable to Plaintiff is fair and equitable taking into account all factors, including no allegations of fraud the applicability of the statute of limitations the posture of the current case, the probability of success on the merits, the aforementioned range of possible recovery, and counsel's respective opinions.

14. It is Opt-In Plaintiff, Boyd Vorinas' position that he is entitled to unpaid wages under a five (5) year statute of limitations in the amount of $10,419.00 or $20,838.00 in liquidated damages. In response, Defendants assert that Defendants were entitled to the tip credit, and proper notice was provided to Boyd Vorinas of same; that Boyd Vorinas is not entitled to liquidated damages; that Boyd Vorinas is not entitled to unpaid wages for the estimate of hours he worked; that no deductions for meals were taken during the relevant time, and that Boyd Vorinas should be limited to a 2 year statute of limitations. The settlement takes into account the uncertainty of trial and other factors weighing for and against Boyd Vorinas. The amount payable to Boyd Vorinas is fair and equitable taking into account all factors, including no allegations of fraud, the applicability of the statute of limitations, the posture of the current case, the probability of success on the merits, the aforementioned range of possible recovery, and counsel's respective opinions

15. It is Opt-In Plaintiff, Janet Vorinas' position that she is entitled to unpaid wages under a five (5) year statute of limitations in the amount of $9,966.00 or $19,932.00 in liquidated damages. In response, Defendants assert that Defendants were entitled to the tip credit, and proper notice was provided to Janet Vorinas of same; that Janet Vorinas is not entitled to liquidated damages; that Janet Vorinas is not entitled to unpaid wages for the estimate of hours he worked;

that no deductions for meals were taken during the relevant time, and that Janet Vorinas should be limited to a two (2) year statute of limitations. The settlement takes into account the uncertainty of trial and other factors weighing for and against Janet Vorinas. The amount payable to Janet Vorinas is fair and equitable taking into account all factors, including no allegations of fraud, the applicability of the statute of limitations, the posture of the current case, the probability of success on the merits, the aforementioned range of possible recovery, and counsel's respective opinions

16.     It is Opt-In Plaintiff, Margaret Rayside's position that she is entitled to unpaid wages in the amount of $1,990.60 or $3,981.20 in liquidated damages. In response, Defendants assert that Defendants were entitled to the tip credit, and proper notice was provided to Margaret Rayside of same; that Margaret Rayside is not entitled to liquidated damages; that Margaret Rayside is not entitled to unpaid wages for the estimate of hours she worked; that no deductions for meals were taken during the relevant time. The settlement takes into account the uncertainty of trial and other factors weighing for and against Margaret Rayside. The amount payable to Margaret Rayside is fair and equitable taking into account all factors, including no allegations of fraud, the applicability of the statute of limitations, the posture of the current case, the probability of success on the merits, the aforementioned range of possible recovery, and counsel's respective opinions

17.     The parties respectfully request that the Court approve such Settlement Agreement, and dismiss with prejudice all claims and causes of action asserted by Plaintiff and Opt-In Plaintiffs arising out of the facts forming the subject matter of the above captioned proceeding, with each party to bear his or its own costs and attorney's fees except as provided pursuant to the Agreement.

CASE NO.: 9:19-cv-80485-WPD

## APPROVAL OF SETTLEMENT AGREEMENT

This case includes claims for wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). The claim involves contested issues concerning the Plaintiff's and Opt-in Plaintiffs' claims as it relates to notice of the tip credit, the statute of limitations and liquidated damages. Defendants deny and disputes liability regarding the foregoing. With regard to the FLSA and Florida constitution claims, there are bona fide disputes, as described above.

In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, settlement. At all times relevant to this action, the Plaintiff and Opt-In Plaintiffs have been represented by counsel, and have had the benefit of her attorney's counsel and advice.

A settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Plaintiffs and Opt-In Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff or Opt-In Plaintiffs. They were calculated on an hourly basis. Accordingly, Plaintiff's and Opt-In Plaintiffs' attorneys state that their attorneys' fees are very reasonable, given the time worked by Plaintiffs' attorneys to date. The attorneys' fees and costs represent a reasonable compromise of both the fees to date and potential recoverable fees if Plaintiff and Opt-In Plaintiffs had succeeded on the merits. The attorneys' fees and costs are separate from the recovery of wages and do not reduce the amount Plaintiff or Opt-In Plaintiffs receives for wages.

CASE NO.: 9:19-cv-80485-WPD

WHEREFORE, the Plaintiff, Opt-In Plaintiffs and Defendants hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice. Finally, the Plaintiff, Opt-In Plaintiffs and Defendant request that the Court dismiss the action with prejudice, and retain jurisdiction to enforce.

DATED: May 28, 2019

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401

 /s/ _Karly Wannos_____
RACHEL K. BEIGE, ESQ.
Fla. Bar No.: 16366
KARLY A. WANNOS, ESQ.
Fla. Bar No.: 42451


BOBER & BOBER, PA
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Telephone: (954) 922-2298


By: /s/_Peter J. Bober
    PETER J. BOBER
    Florida Bar No: 0122955